UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES,

No. 1:21-cr-61-LEW

v.

RECEIVED FOR FILING
IN CLERK'S OFFICE

2024 SEP 19 A 11:35

US COURT OF APPEALS
FOR THE FIRST CIRCUIT

NATHAN REARDON

## DEFENDANT'S MOTION FOR EMERGENCY HEARING AND ORAL ARGUMENT

The Defendant, Nathan Reardon, respectfully requests an emergency hearing for the following reasons.

1. On May 23, 2024 this honorable First Circuit Court of Appeals vacated the decision of the District Court in Bangor. More specifically the decision that Judge Lance Walker gave restricting the defendant from self-employment without sufficient legal reason why.

2. This honorable court said that Judge Lance Walkers decision did not meet the legal standard.

3. After the honorable, First Circuit decision, the defendant was still told that he could not be self-employed in the interim while waiting for the new sentencing guidelines from the lower court. Even though the First Circuit Court of Appeals vacated, the decision, the defendant was told he could not be self-employed during the interim period before resentencing. It would appear, to the defendant, that the First Circuit's opinion doesn't matter to the Bangor Federal court.

4. Defendant made multiple appeals that were never heard because of the timeline of a plea agreement, which was violated by the federal DA and was knowingly and willingly delayed by the DA in order that the First Circuit's opinion would become moot. The DA offered a written plea agreement that was not kept during sentencing. The agreement said that it would be no more than 12 months and a day. Yet when the defendant went to sentencing, the DA recommended 24 months. Defendant believes that the DA knew he was going to do this but wanted to pressure the

defendant into a plea agreement before trial. Jury selection was going to begin on July 5, 2022. On July 1, 2022 the Friday before the jury selection began. The defendant was told that if he did not sign and accept the plea agreement by 4:30 PM that it would be withdrawn. Defendant's attorney told him it would basically end up being time served with that sentence because of the time the defendant was stuck in jail with no bail. This as it turns out was extremely bad advice.

5. Defendant believes that there are multiple constitutional, civil rights violations that have been perpetrated by DA Andrew Lizotte, as well as Judge Lance Walker and possibly others.

6. The local court in Bangor and their team has done a decent job, forcing pre-agreements on defendant, that were not kept by the government side. And now they have reinforced a decision that the honorable First Circuit Court of Appeals said did not meet the legal standard.

7. Upon entering the court for resentencing Judge, Lance Walker was visibly impatient and asked the defendants council if he even wanted to speak before he gave his ruling. Leading defendant to believe the judge had made up his mind before he even heard the argument. Not an action of a fair or impartial Judge.

8. Judge Lance Walker gave the same exact reasons as last time when the First Circuit Court of Appeals found it to be legally deficient. He simply restated things that were on the record before and insinuated that the First Circuit Court of Appeals, or at least two of the judges on the First Circuit Court of Appeals, simply "missed something" in his first sentencing restrictions. No additional statute or case law was given.

9. Majority of the statements that Judge Lance Walker made were, in the opinion of the defendant, not factual, but opinion based. Defendant was not afforded an opportunity to refute anything that Judge Lance Walker said that went toward the self-employment sentencing. Judge Walker is not acting impartially. He came into court with his mind made up before argument was even heard. He asked if anyone even needed to be heard?

10. Defendant has not had an opportunity to state his side of the story properly through poor, court appointed council guidance. Defendant was told not to tell his side of what happened because it would appear confrontational or "offend" the Judge.

11. A 2255 filing is going to be presented in the near future.

12. In the interim the defendant's ability to provide for his family, pay his bills properly and fully, ability to enjoy the Bill of Rights afforded in the United States of America, and his ability to be self-reliant have been trampled by the lower court. I can't even work for my father, even despite the First Circuits opinion that it did not meet the legal standard.

13. Judge Lance Walker says that the self-employment ban is OK to enforce, because it is "not forever". Defendants position is civil rights violations or enforcing things that do not meet the legal standard for even one day is not proper. Length of improper punishment is irrelevant. It should not happen. Judge Walker disagreed on the record.

14. No legal arguments were given to support the self-employment ban. Judge Walker simply repeated things that were already on the record. The defendants' position is that these talking points are mostly wrong and would like to have a chance to refute them.

15. Judge Walker said that it is better for the defendant to work part time for $15.50 an hour and make $1000 a month because being self-employed could lead to financial distress and additional bank loans or crimes or eventually additional bankruptcy. Being self-employed generates over $10,000 a month verifiable income. If a self-employment ban would stop bank crimes then a total employment ban would stop theft from employers. Judge Walker has taken this too far. To think that a bank would give me a loan after what I've been through would be more than ridiculous. The self employment ban is not necessary.

16. Forcing the defendant to not make the amount of income that he needs in order to supply for his family of five children only furthers the financial damage to him and others in his life. Forcing his family to make up the monthly shortfall of the bills that he needs to pay.

17. Defendant was self-employed for over 21 years before this incident and it was almost without issue.

18. Judge Walker says that defendant needs to have electronic monitoring because they need to see if he is going to take out any additional fraudulent bank loans. What they failed to state that defendant only had one bank loan for the business in the past 23 years of business. Defendant is not and was never accused of being a serial bank loan fraudster. Yet that is what Judge Walker labeled him publicly. Serial fraudster were his words on the record.

19. The restrictions that are put on the defendant are overly broad and burdensome, and they do not meet the legal standard for being the minimum that are necessary to protect the public or ensure no future crime. Defendant was never accused of being a career criminal, yet he is being treated and portrayed as one. The restrictions actually make things worse and force the defendant into further financial damage. This affects not only him, but also his five children, as well as his parents and others that have supported him throughout his life. This mostly affects the possibility of the loan repayment.

20. Judge Walker failed to state exactly how not allowing the defendant to be self-employed would affect the public negatively. He simply restated talking points from the original indictment and future interactions.

21. Judge Lance Walker brought up the allegation that defendant applied for COVID-19 related funds during his original bail. Defendant asserts that he applied for nothing, that original decision was appealed to the first circuit, but was stalled by the local DA to ensure that the first circuit never saw the case. A landlord accepting rent from tenants that received COVID-19 cares act related assistance is not the landlord applying for COVID-19 relief related funds. As a landlord, the defendant simply accepted rent for apartments that tenants were in and the funds were given to the tenants to help pay their rent. Defendant did not need rental assistance, the tenants did. On the application it asks if you are applying on behalf of the tenant and the defendant checked no. Still the District Court had the defendant arrested and put in jail with no bail when major drug traffickers and accused murderers were allowed bail.

22. This case is far more complex, then has been allowed to be put on the record and defendant believes that his civil rights are actively being violated by the lower court because of some form of potential personal animus?

23. Other cases involving PPP fraud that were not even legitimate businesses were not given the restriction for not being self employed or electronics monitoring.

24. Judge Walkers assumption that being self-employed was the catalyst for this crime, simply didn't consider the multiple cases all across the country that involved people who were not in business or had fake businesses as well as fake employees. It is simply not necessary for someone to be self-employed in order for them to commit bank fraud. The federal government never claimed that the businesses were not real, and they never claimed that any of the people on the payroll report were fake. Because the businesses were real, and the employees were real. That argument for this being the minimum punishment available simply holds no weight and is not valid.

25. Defendant has had his life derailed and spent time in jail. Defendant served his sentence and believes he should have a chance to rebuild his life. For some reason, it is the government position in the local court in Bangor that the jail sentence was not enough. They now need to continue to hold the defendant back and continue to impose punishments that are too severe and do not meet the legal standard according to the First Circuit, and in the defendants opinion is a civil rights violation.

26. Other cases in Maine that directly involved substantially larger PPP loans (over 1 million dollars) as well as fake businesses and fake employees did not receive as severe a punishment as the defendant in this case. Defendants businesses were not fake and neither were any of the employees listed in the application. The initial punishment as well as the probation restrictions were more severe for some reason to this defendant.

27. Despite what the district attorneys have told the courts, the defendant only went through bankruptcy once, not three times. For some reason they believe sensationalism is in their job description, not simply enforcing actual laws. Paperwork was started, but it never went through and was dismissed voluntarily. Bankruptcy is not illegal, but it is a terrible thing to go through. The district attorneys prosecuting this case continue to use it as a weapon against the defendant, using it to impute his credibility. The reality is imposing the self-employment ban is going to force the defendant into a second chapter 7 because he does not have the ability to make the money that he needs to pay his bills and his family can no longer support him. Not to mention loan repayment which seemed to be a focal point of the DA and then they restrict defendant from being able to repay.

28. Defendant has applied for multiple higher paying jobs and was declined because of the bank fraud felony. Defendant cannot provide a stable life for his family without being self-employed and having the ability to raise his income exponentially.

29. On the original sentencing transcript from November 2, 2022 everyone can clearly see that the self-employment ban was objected to by the defendants council. None of the objections were allowed by Judge Lance Walker and all of the conditions that probation asked for were enforced. The question is why?

30. In the original transcript, you can read that at the point of objection from the defendants council the district attorney agreed that it may be OK for the defendant to be self-employed because it is in the best interest of the government to be able to get the loan repaid. It is also part of the record that Judge Lance Walker said that there is probably a middle ground and allowing the defendant to be self-employed. Those are his words. Nothing has changed legally since that statement.

31. Judge Walker has changed his position after the Honorable First Circuit Court of Appeals opinion states that it did not meet the legal standard. Rather than using his original opinion and allowing the defendant to be self-employed, he simply restated opinions of the district attorney that were never allowed to be refuted and simply referenced the Bangor Daily News unverified article and reimposed the self-employment ban that the First Circuit vacated. No "middle ground" was found.

32. The defendant fails to see who the self-employment ban is helping. It is not helping the government get the loan repaid. It is not helping the defendant rebuild his life and it is not allowing him to pay his bills properly. Potentially forcing a second bankruptcy. It is not helping the defendants family because they are being forced to pay things for the defendant when he is capable of doing that himself. Forcing his parents into financial hardship. Who is receiving the benefit of destroying the defendant's ability to pay his bills? Because that is all that is happening.

33. Defendant believes that there is some sort of personal malice against him that is unknown to him at this time. The punishment for the alleged crime was far more severe than others locally and nationally and the way the court addresses him seems like personal attacks. The reason the Judge gave for such a harsh punishment, was basically in case anyone googles bank fraud in Maine, he believed that my punishment needed to be a deterrent for others, even though a lesser

punishment could have been sufficient for me. This was his statement in the original sentencing on November 2, 2022. Defendant is requesting that this court would make the decision directly rather than passing down to the lower court. As well as the possibility that Judge Walker would recuse himself from further interaction with the defendant since it appears he has a personal problem with the defendant. He has acted outside of the law and his decision was vacated by this honorable First Circuit Court.

34. Judge Walker and Andrew Lizzotte are both on the record, saying demeaning things about the defendant personally as well as calling him a "narcissist" when he was never diagnosed as one, and certainly Judge Walker does not have the professional credentials to label him as such in a permanent legal record based on no professional review and almost non-existent interaction with the defendant. Labeling the defendant as a narcissist is a demeaning and damaging statement from one of the highest authorities in the United States of America. That is not a statement that should be taken lightly, especially from a federal judge. Andrew Lizzotte is on the record stating that the defendant represents himself as a real estate developer, entrepreneur, CEO, "and he is none of those things, especially not a good one". Defendant believes that the limited interaction and only one side of the story that the government has in this case is hardly enough information for federal employees to make such accusations against defendant personally on the record. It is the defendants belief that the federal courts and the representatives are held to the absolute highest standards of professionalism and must have the ability to be fair and impartial. Defendant believes that this series of excessive and overly broad and burdensome punishments hardly meets that legal standard burden. Defendant believes making these statements in official court records that are permanent and viewable by the general public are actually slander and libel. No professional or factual basis for either statement, they are simply someone's opinion. Yet they were stated by high-ranking government officials, on the record, as fact.

35. Defendant is throwing himself, pro se, at the mercy of the First Circuit Court of Appeals to intervene on his behalf to stop the excessive and unfair punishments and civil rights violations as well as continuing financial damages that are not legally sufficient, warranted or needed. The damage that the local Bangor Federal court has done to the defendant, and his family are permanent and long lasting, but this court can intervene and see that this stops immediately. This has been a public smear campaign since the beginning and Judge Lance Walker is on the record stating that he relies on the unverified Bangor Daily News reporting to punish the defendant.

Special agent Pelham from Boston came up to interview people before the defendant was indicted. Several people declined to talk to him and he said, "but haven't you seen all of the negative press about him?" The question is how does a special agent from Boston know what the local news is saying about the defendant unless they are feeding the stories? So the special agents and district attorneys feed unverified information to the local newspaper and after it is published it is used as a decision maker by the local judge? The Bangor Daily News says that Sawyer Loftus is an investigative journalist? The only thing that has been done is some phone calls to some on the record drug addicted and extreme criminal past tenants who were not paying rent and then using their slanderous statements as fact. When you Google the name, Sawyer Loftus, Nathan Reardon comes up. This is simply a person trying to get their five minutes of fame at the cost of someone else's misfortune. Defendants opinion is that it is harder to believe that a Judge would go on the record stating that he reads the stories that the district attorney fed to the local reporter, as well as the unverified statements from drug addicted, serial criminals, and use this in his decision-making to derail a father of fives life.

36. Defendant also believes that the electronics monitoring is overly broad and burdensome. It does not meet the minimum restriction required by law for the protection of the public. The judge said that it is required because they need a monitor if the defendant is getting any additional loans. Defendant has never had bank loans for his business and the past 23+ years. Defendant also believes that this is a HIPAA violation because people, including himself, use the phone to relay health issues and photographs with his doctor through an app called MyChart. There is no reason for probation or anyone to see this information. Almost $100 a month is being wasted on electronic monitoring when it could be going to payback restitution or other critical bills. Defendant also believes that it is a violation of the attorney client privilege because all of the electronics are being monitored by probation and the district attorney and the defendant is working through his phone, text messages, emails, with multiple attorneys for the appeals on this case. Legal strategy goes out the window when the attorney client privilege is being violated. Defendant respectfully requests immediate cessation of electronics monitoring for these reasons. Times have changed and technology is used in multiple ways that was never available before. Therefore, electronics monitoring should only be used in the most extreme cases where it is warranted and necessary to protect people. Defendant argues that in this case it is neither warranted nor necessary and is actually a civil rights and HIPPA violation. Electronics monitoring, as well as the self-

employment ban do not meet the minimum required standard as applied to this defendant.

Therefore, the defendant respectfully requests an emergency hearing so that he can explain the truth about the allegations against him as well as the damage this is doing to his life. Delaying this hearing will have devastating and long-lasting consequences on the defendant and his family. Defendant requests oral argument before the First Circuit Court of Appeals, as soon as is possible. Defendant is requesting that the probation restrictions be lifted immediately by the First Circuit before any further damages done. Defendant believes that an active civil rights violation is currently being allowed to take place. Thank you for your time and consideration.

Dated: August 30th 2024

Respectfully submitted,

Nathan Reardon

Pro Se

PO Box 52

Detroit, Me. 04929

207-745-7575

Nathan@nathanreardon.com

CERTIFICATE OF SERVICE

Notice will be electronically mailed to;

Benjamin M. Block

Joel B. Casey

Lindsay Feinberg

Andrew Kenney Lizotte

Chris Ruge

Rencoor
P.O. Box 52
Detroit Me. 04929




9589 0710 5270 1540 8186 26

RDC 99

02210

FCM LG ENV
NEWPORT, ME 04953
SEP 13, 2024

$10.72

R2305K137215-05

First Circuit Court of Appeals
1 Courthouse Ste. 2500
WAY
Boston, MA
02210

RETURN RECEIPT REQUESTED

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL