IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Appellee,<br><br>v.<br><br>NATHAN REARDON,<br>    Appellant. | No. 24-1724 |

## APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR EMERGENCY HEARING AND ORAL ARGUMENT

## Introduction

The instant motion arises in Nathan Reardon's fourth appeal following his conviction for five counts of bank fraud. *See generally United States v. Reardon* (*Reardon I*), No. 22-1486, 2022 WL 17752256 (1st Cir. July 21, 2022); *United States v. Reardon* (*Reardon II*), 102 F.4th 558 (1st Cir. 2024); *United States v. Reardon* (*Reardon III*), 111 F.4th 142 (1st Cir. 2024). In an apparent attempt to fast track his latest appeal, Reardon, who is currently serving his term of supervised release and proceeding *pro se* on appeal, seeks an emergency hearing and oral argument about two special conditions of supervised release reimposed

by the district court (Walker, C.J.) at resentencing. Mot. 1-9.[1] The Government opposes Reardon's request for the following reasons.

## Background

On July 5, 2022, Reardon pleaded guilty to five counts of bank fraud relating to falsified loan applications that he submitted seeking pandemic-relief funds.[2] D 133; D 135; D 136. The district court imposed concurrent twenty-month sentences followed by three years of supervised release on November 2, 2022. D 159 at 2-3; D 166 at 47. Relevant here, the district court's original judgment included several special conditions of supervised release, one of which banned Reardon from self-employment (special condition six), and another of which required Reardon to comply with the computer and internet monitoring program (special condition seven). D 159 at 5.

---

[1]     Citations are as follows: District Court's Docket as "D [ECF#] at [pg#];" the Order of Court entered on September 20, 2024, as "Order;" and Reardon's Motion for Emergency Hearing and Oral Argument entered on September 20, 2024, as "Mot. [pg#]."

[2]     Following Reardon's guilty plea and detention pending sentencing, the Court dismissed as moot Reardon's appeal from the district court's order revoking his pretrial release. *Reardon I*, 2022 WL 17752256 at *1.

2

On direct appeal, the Court vacated special condition six, concluding that the self-employment ban was imposed without the district court adequately explaining why it was minimally restrictive, but clarifying that "nothing in our decision prohibits the re-imposition of an occupational restriction on remand[.]" *Reardon II*, 102 F.4th at 570. On July 23, 2024, the district court held a resentencing hearing and entered an amended judgment that retained both special condition six and special condition seven. *Compare* D 159 at 5, *with* D 201 at 5. Reardon filed a notice of appeal of the amended judgment on August 5, 2024.[3] D 203.

On September 20, 2024, the Court entered an order permitting Reardon's former attorney to withdraw as counsel of record and granting Reardon's request to proceed *pro se* in this appeal. Order. The

---

[3]     On the same day that Reardon filed his most recent notice of appeal, the Court affirmed the procedural and substantive reasonableness of the district court's revocation sentence of nine months of imprisonment followed by twenty-five months of supervised release in Reardon's appeal of the revocation of his supervised release for violating four conditions of supervision, including special condition six, less than six weeks after his term of supervised release commenced. *Reardon III*, 111 F.4th at 144-47.

Court also enlarged the time for Reardon "to file a transcript report/order form to October 21, 2024." *Id*.

Also on September 20, 2024, the Court entered Reardon's *pro se* motion for emergency hearing and oral argument. Mot. 1. In the motion, Reardon not only makes numerous cursory claims about the district court judge, the prosecutor, and his former defense attorneys without including any specific record references, but Reardon also challenges the district court's reimposition of special condition six and special condition seven in the amended judgment following the resentencing hearing. Mot. 1-9. Specifically, Reardon requests that "the probation restrictions be lifted immediately by the First Circuit before any further damages [are] done." *Id*. at 9. Reardon further suggests that he is entitled to "an emergency hearing so that he can explain the truth about the allegations against him as well as the damage this is doing to his life." *Id*.

## Argument

Insofar as Reardon is seeking an emergency hearing and oral argument before obtaining the transcript of his resentencing hearing from the court reporter and filing a merits brief that complies with the

4

Federal Rules of Appellate Procedure and the First Circuit Local Rules, his motion puts the cart before the horse both as a practical matter and as a policy matter.[4]

As a practical matter, Reardon's latest appeal is relatively recent, and Reardon has not yet filed a copy of the transcript report/order form, which is due on or before October 21, 2024. Order. Nor has a transcript of Reardon's resentencing hearing been prepared and filed by the court reporter to date. *See generally* District Court Docket Sheet. Therefore, the Court cannot verify the documentary bases of many of the claims set forth in Reardon's motion, even if Reardon had attempted to support his factual assertions with specific record citations. Because the record in Reardon's latest appeal is incomplete at this early stage, the Court's ability to assess the merits of his cursory claims is limited.

As a policy matter, Reardon's motion fails to acknowledge, much less address, the fact that oral argument ordinarily is not granted on

---

[4] *See* United States Court of Appeals for the First Circuit's Notice to Counsel and Pro Se Litigants, available at https://www.ca1.uscourts.gov/sites/ca1/files/NoticetoCounselandProSeLitigants.pdf (last accessed Sept. 26, 2024) (noting that all appeals are governed by the Federal Rules of Appellate Procedure and the First Circuit Local Rules and underscoring several specific requirements that attorneys and pro se litigants should be familiar with on appeal).

5

motions. *See* Fed. R. App. P. 27(e) (motions are decided without oral argument unless the court orders otherwise); 16AA Fed. Prac. & Proc. Juris. (Wright & Miller) § 3973 (5th ed.) (explaining the 1998 amendment adding subdivision (e) to Rule 27 "makes it clear that there is no right to oral argument on a motion"). By contrast, once the parties have an opportunity to address all the issues Reardon may choose to raise in his merits brief with the benefit of a complete record, oral argument "must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary[.]" Fed. R. App. P. 34(a)(2). This distinction regarding oral argument for motions and oral arguments for briefs makes sense because unlike a motions panel, a merits panel operates with the benefit of a complete record and fully developed briefing. Because Reardon has not identified any compelling reason that his latest appeal should be an exception to the Court's general rules disfavoring oral argument of motions and favoring oral argument of briefs, the Government opposes Reardon's attempt to circumvent ordinary appellate procedures by requesting an emergency hearing and

oral argument before providing the Court with a complete record and fully developed briefing by the parties.

## Conclusion

Accordingly, the Government submits that Reardon's motion for emergency hearing and oral argument should be denied.

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

/s/ Lindsay B. Feinberg
Lindsay B. Feinberg
Assistant U.S. Attorney

Dated:  September 27, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing response with the Clerk of Court using the CM/ECF system, and sent a copy via first-class mail to the following *pro se* party:

Nathan Reardon
P.O. Box 52
Detroit, ME 04929.

<u>/s/ Brandon Pofahl</u>
Brandon Pofahl
Paralegal Specialist